```
 1
 2
 3
 4
 5
 6
 7
 8                        IN THE UNITED STATES DISTRICT COURT
 9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10   FRANCISCO GONZALEZ,
11              Petitioner,                 No. CIV-11-2121 GGH P
12        vs.
13   MCHAEL MARTEL, Warden,
14              Respondent.¹                ORDER
15   _____/
```

Petitioner, a state prisoner proceeding pro se, has purported to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Petitioner states that he is currently incarcerated for a D.U.I. for which he was

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989)." Stanley, supra, at 360. In the instant action, petitioner has failed to identify a respondent; therefore, the court has named the warden of petitioner's current place of incarceration as respondent.

1

sentenced to sixteen months ½ time on May 31, 2011. Petition, p. 2. Petitioner expects to be released on October 8, 2011. Id. Petitioner also states he is under an INS hold. Id.

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Petitioner does not appear to be challenging any state court sentence or conviction for which he is in custody, although he represents that he is serving a sentence for a D.U.I. conviction. Petitioner instead seeks to challenge an INS hold which he blames both for his present incarceration and for a future deportation to Mexico. Petition, p. 3. Petitioner ends his petition saying that all he wants is help and freedom "but no Mexico." Id., at 6. Federal district court jurisdiction to hear a habeas corpus challenge to an administrative decision relating to a removal order has been curtailed by section 106(a) of the REAL ID Act. See 8 U.S.C. § 1252(a)(5). This petition must be dismissed.

To the extent petitioner wishes to challenge the constitutionality of his state court D.U.I. conviction and/or sentence, petitioner may amend the petition although it appears that petitioner has not exhausted his state court remedies and the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

(1986).³

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition is dismissed with leave to amend within twenty-eight days;

2. Petitioner shall also submit, within twenty-eight days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

3. Petitioner's failure to comply with this order will result in the dismissal of this action; and

4. The Clerk of the Court is directed to send petitioner a copy of the form for filing a 28 U.S.C. § 2254 petition and a copy of the in forma pauperis form used by this district.

DATED: September 8, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
gonz2121.ord

---

³ Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).