IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO GONZALEZ,

          Petitioner,                  No. CIV-11-2121 GGH P

    vs.

MCHAEL MARTEL, Warden,

          Respondent.            <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the undersigned.  By order, filed on September 9, 2011, the petition was dismissed with leave to amend; petitioner was also directed to submit an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee.  Petitioner has now filed timely an amended petition and a completed in forma pauperis affidavit.   Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

        Petitioner was granted leave to amend because although it did not appear that he was challenging any state court sentence or conviction for which he is in custody, he did represent that he has been serving a state prison sentence for a D.U.I. conviction.  To the extent

1    that petitioner sought to challenge an INS hold, petitioner was cautioned that:

2          [A] district court shall entertain an application for a writ of habeas
           corpus in behalf of a person in custody pursuant to the judgment of
3          a State court only on the ground that he is in custody in violation of
           the Constitution or laws or treaties of the United States.
4    28 U.S.C. § 2254(a).

5          Petitioner was also cautioned that federal district court jurisdiction to hear a

6    habeas corpus challenge to an administrative decision relating to a removal order has been

7    curtailed by section 106(a) of the REAL ID Act.  See 8 U.S.C. § 1252(a)(5).  In other words,

8    petitioner was granted leave solely so that he would have an opportunity to challenge the

9    constitutionality of his state court D.U.I. conviction and/or sentence, notwithstanding that it

10   appeared that petitioner had not yet exhausted his state court remedies as to that conviction.

11   However, in his amended petition, petitioner states his offense as "illegal entry," to which he

12   pled "nolo contendere" and for which a hold or detainer was placed on him by INS (or ICE),

13   apparently as of February 7, 2011.  Amended Petition (AP), p. 1.  Petitioner states that he wants

14   to get the immigration hold lifted and have a chance to remain in the United States even if he has

15   to be on parole for his D.U.I.  Id., at 4.  Petitioner states that he has no family in Mexico and has

16   been in the U.S. for twenty-six years since he was a baby.  Id.  In a separate one-page motion to

17   have the INS hold lifted, petitioner asks to be allowed to be paroled in this country and promises

18   to obey all laws in the future and to pay all fines, reiterating that he does not have any family in

19   Mexico and that he has lived here for some twenty-five years.  See motion.  What petitioner does

20   not do, however, is raise a question of a violation of a constitutional right by his present custody.

21   Nor does he even claim to be subject to a specific removal order at this time.

22         Title 8 U.S.C. § 1252 allows only very limited judicial review of
           ICE orders and decisions. See 8 U.S.C. § 1252 (stating which orders
23         are reviewable and listing requirements to seek judicial review);
           Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471
24         1999, 119 S.Ct. 936, 142 L.Ed.2d 940) (interpreting 8 U.S.C. §
           1252(g) to find no judicial review of INS's "decision or action to
25         commence proceedings, adjudicate cases, or execute removal
           orders").  However, there is no support for the proposition that the
26         Court has jurisdiction to review the ICE's alleged future conduct. It

                                         2

is ICE, and not this Court, which must determine whether the Petitioner in this case is deportable or removable.  It is also ICE who determines whether the Petitioner is entitled to a stay from removal under § 212(c).  The ICE detainer or hold does not mean that Petitioner is in ICE custody for the purposes of obtaining habeas corpus relief.  See Campos v. Immigration and Naturalization Service, 62 F.3d 311 (9th Cir.1995); Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir.1994), superseded by statute on other grounds ("[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.").  The detainer is only a notification that a removal decision will be made at some later date. Garcia, at 303-04; Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir.1988).  Merely because Petitioner is subject to an ICE detainer or hold, there is no final order of removal or deportation and he is not in ICE custody.  Thus, the Court cannot proceed with a habeas corpus petition concerning the ICE's actions. See 28 U.S .C. § 2241(c).

Moreover, even were that not so, the federal district court no longer has habeas jurisdiction over collateral challenges to removal proceedings.  On May 11, 2005, the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005" was signed into law.  Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the *sole and exclusive means* of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory). (Emphasis supplied).

Ceja v. Immigration and Customs Enforcement, 2009 WL 910858 *2 (E.D. Cal. Apr. 2, 2009).

1    The motion must be denied and the amended petition dismissed.

2    Accordingly, IT IS HEREBY ORDERED that:

3    1.  Petitioner's application to proceed in forma pauperis is granted;

4    2.  Petitioner's motion for the INS hold to be lifted, filed on September 22, 2011

5    (docket # 7), is denied; and

6    3.  The amended petition is dismissed and this case is closed.

7    DATED: October 13, 2011

8
9                    /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE
10
     GGH:009
11   gonz2121.ord2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                            4